IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03788-MEH

ALISON D. JONES,

      Plaintiff,

v.

BROOKDALE SENIOR LIVING CENTER,
and ALL TEAM STAFFING,

      Defendants.

**DEFENDANT BROOKDALE SENIOR LIVING CENTER'S <u>UNOPPOSED</u> MOTION TO MAINTAIN LEVEL 1 RESTRICTION FOR EXHIBIT C TO ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION OF ANY REMAINING CLAIMS**

Pursuant to D.C.COLO.CivR 7.2(c), Defendant Brookdale Employee Services LLC, incorrectly named in Plaintiff's Employment Discrimination Complaint as "Brookdale Senior Living Center" ("Brookdale"), respectfully moves the Court to maintain Level 1 restriction for Exhibit C to Brookdale's Motion to Dismiss or, in the Alternative, to Compel Arbitration [ECF Nos. 24, 25] (the "Motion").

**CONFERRAL CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1(a) AND PRACTICE STANDARDS – CIVIL ACTIONS III.A.**

Brookdale has conferred with Plaintiff[1] regarding the relief requested. Plaintiff does not oppose.

---

[1] Defendant All Team Staffing has not yet entered an appearance in this action.

## BACKGROUND

Plaintiff's Complaint appears to assert claims against Brookdale for discrimination, hostile work environment, retaliation, and a failure to hire under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA"), arising out of her "race (white)," her "place of national origin (American South)," her "religious beliefs (Christian)," her "ethnic identity (White of Northern European descent," and "age (56)." Compl. at 3 of 16 [ECF No. 1]. More specifically, her allegations all appear to arise from the assertion that Plaintiff is "a white conservative from the South." *Id.* at 13 of 16.

On March 12, 2021, Brookdale moved to dismiss all claims asserted against it. Mot. [ECF No. 24]. Among other things, Brookdale moved to dismiss Plaintiff's failure-to-hire claim because such claim arises from her failure to pass a legally required background check. *See* 6 C.C.R. § 1011-1:7-7; *see also* Mot. 3-4, 11-12. In support, Brookdale attached as Exhibit C to its Motion the applicable background Screening Report. *See id.*; *see also* Ex. C to Mot. [ECF No. 25]. Under D.C.COLO.LCivR 7.2, Exhibit C was filed under Level 1 restriction. Ex. C. to Mot.

Plaintiff's background check Screening Report reflects private or confidential information related to the results of a criminal history inquiry. *See, e.g.,* 15 U.S.C. §§ 1681b, 1681n, 1681o. As argued below, the privacy or confidentiality protection for such information outweighs the presumption of public access, and would result in injury to Plaintiff. No alternative to restriction is practicable because redaction would prevent the Court from meaningful review of key facts in support of Brookdale's Motion. Therefore, under D.C.COLO.LCivR 7.2, Brookdale espectfully requests that the Court maintain Level 1 restriction of Exhibit C to its Motion.

## ARGUMENT

The Court possesses supervisory powers of its own records and files, and may, in its discretion, "seal documents if the public's right of access is outweighed by competing interests." *Health Grades, Inc. v. MDx Med., Inc.*, No. 11-cv-00520-RM-BNB, 2014 WL 12741068, at *1 (D. Colo. Mar. 28, 2014). Among other interests, "[p]rivacy . . . [is] among the interests which have been found. . . to overcome the presumption of openness." *Id.* Exhibit C to Brookdale's Motion, the result of Plaintiff's background check for employment with Brookdale, contains contain private or confidential information that should be shielded from public inspection under D.C.COLO.LCivR 7.2.

The information contained in the Screening Report constitutes Plaintiff's "sensitive personal information." *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008); *see also Zinn-Hoshijo v. Comm. for Catholic Secondary Educ. in Colo. Springs*, No. 11-cv-01360-WYD-KMT, 2012 WL 1537919, at *2 (D. Colo. May 2, 2012). In fact, under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*, and similar authority, "federal law **categorically protects criminal history summaries from disclosure to third parties**." *Auguste v. Alderden*, No. 03-cv-02256-WYD-KLM, 2008 WL 3211283, at *5 (D. Colo. Aug. 6, 2008) (emphasis added); *see also* 15 U.S.C. §§ 1681b, 1681n, 1681o. Thus, Brookdale believes that the potential embarrassment to Plaintiff from disclosure is a serious injury that would result if restriction is not maintained. Redaction would also be impracticable because the results of the background check are necessary for the Court's resolution of Brookdale's Motion. As such, Exhibit C should maintain Level 1 restriction.

## CONCLUSION

Therefore, for all of the foregoing reasons, Brookdale respectfully requests that the Court maintain Level 1 restriction for Exhibit C to Brookdale's Motion to Dismiss or, in the Alternative, to Compel Arbitration [ECF Nos. 24, 25].

Respectfully submitted this 25th day of March, 2021.

    *s/Stephen E. Baumann II*
    Stephen E. Baumann II
    Michelle L. Gomez
    LITTLER MENDELSON, P.C.
    1900 Sixteenth Street, Suite 800
    Denver, CO  80202
    Telephone:  303.629.6200
    Facsimile:  303.629.0200
    Email: sbaumann@littler.com
    mgomez@littler.com

    Attorneys for Defendant
    Brookdale Employee Services LLC,
    incorrectly named as Brookdale Senior
    Living Center

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2021, a true and correct copy of **DEFENDANT BROOKDALE SENIOR LIVING CENTER'S UNOPPOSED MOTION TO MAINTAIN LEVEL 1 RESTRICTION FOR EXHIBIT C TO ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION OF ANY REMAINING CLAIMS** was filed and served via the CM/ECF system, which will send notification of such filing to the following.

Additionally, I placed a true and correct copy of **DEFENDANT BROOKDALE SENIOR LIVING CENTER'S UNOPPOSED MOTION TO MAINTAIN LEVEL 1 RESTRICTION FOR EXHIBIT C TO ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION OF ANY REMAINING CLAIMS** in the U.S. Mail, postage pre-paid, together with copies of all unpublished opinions cited herein under D.C.COLO.LCivR 7.1(e), addressed to the following, with a courtesy copy sent by email to the address below.

Alison D. Jones
1746 Emerson Street, #209
Denver, CO 80218
petitpas1@msn.com

    *s/Arlene Aguilar*
    Arlene Aguilar