IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03788-MEH

ALISON D. JONES,

    Plaintiff,

v.

BROOKDALE SENIOR LIVING CENTER and
ALL TEAM STAFFING,

    Defendants.

## ORDER ON MOTION TO AMEND

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's Revised Motion for Extension of Time to Respond to Defendant's Motion to Dismiss. ECF 36. The *pro se* Plaintiff asks to respond to the motion to dismiss by amending her complaint, pursuant to Rule 15(a)(2).

## BACKGROUND

Plaintiff worked for All Team Staffing, a temporary employment agency. ECF 1 at 9. It assigned her to work at a retirement home operated by Brookdale Senior Living Center[1] ("Brookdale") as a dishwasher. *Id*. Plaintiff applied to Brookdale for a "direct hire" position as a server. *Id*. at 15. She alleges that Brookdale failed to hire her full time based on unlawful discriminatory reasons, and she alleges unlawful workplace harassment during her temporary employment there. It is unclear what claims she brings against All Team Staffing.

---

[1] In its Motion to Dismiss (ECF 24), Brookdale says that the proper entity for purposes of this lawsuit is "Brookdale Employee Services LLC." Plaintiff shall make that change when she files her First Amended Complaint.

Brookdale moves to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) for failure to state a plausible claim against it. It seeks dismissal for Plaintiff's failure to "attribute any of her allegations to those in management at Brookdale," the failure to report "any feeling of harassment to anyone at Brookdale," and the failure to respond to its inquiry about the results of her criminal background check. Brookdale also seeks to invoke the arbitration clause of her job application.

The deadline for responding to Brookdale's motion to dismiss is April 22, 2021. Rather than file a response, Plaintiff asks to amend her complaint. She seeks to clarify her allegations and Brookdale's responsibility for the civil rights violations, and she seeks to add new violations of the law. She sees need "to add theories and new facts . . . to build a better case." ECF 36 at 1. Plaintiff reports that Brookdale agrees to the amendment only if she uses it to clarify her current claims, dismiss one or more claims, or accept arbitration of the dispute. Brookdale reportedly opposes an amendment that adds new legal claims or theories, or that adds any new facts known to Plaintiff when she filed the original Complaint.

## LEGAL STANDARD

**I.      Fed. R. Civ. P. 15(a)(1)**

Rule 15(a)(1) permits Plaintiff to amend "as a matter of course" if she acted within twenty-one days of Brookdale's motion to dismiss. That twenty-one day period of time ended on April 2, 2021. However, on March 31, 2021, Plaintiff asked to extend the response deadline, which was granted (ECF 34). Plaintiff filed her Motion before that new response deadline. If that extension also extended the Rule 15(a)(1)(B) deadline to amend as a matter of course, then Plaintiff's instant request is moot.

**II.     Fed. R. Civ. P. 15(a)(2)**

Rule 15(a)(2) applies after the deadline for amending a pleading as a matter of course, but its standard for obtaining leave to amend remains relatively light. It permits amendment either "with the opposing party's written consent or the court's leave," and it instructs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The grant or denial of an opportunity to amend is within the discretion of the Court. An outright refusal to grant the leave without any justifying reason would be an abuse of discretion and inconsistent with the spirit of the Federal Rules. *Maloney v. City of Pueblo*, 323 F.R.D. 358, 360 (D. Colo. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Id.* (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

Prejudice in this context arises when the amendment unfairly affects the opposing party "'in terms of preparing their defense to the amendment.'" *Minter*, 451 F.3d at 1208 (quoting *Patton v. Gayer*, 443 F.2d 79, 86 (10th Cir. 1971)). Prejudice occurs most often "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.* Moreover, "if a party opposes a motion to amend or to supplement on the grounds of futility, the court applies the same standard to its determination of the motion that governs a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Conkleton v. Zavaras*, No. 08–cv–02612–WYD–MEH, 2010 WL 6089079, at *3 (D. Colo. Oct. 6, 2010), *R. & R. adopted by* 2011 WL 839282 (D. Colo. Mar. 7, 2011).

## DISCUSSION

The Court sees no indication of undue delay, dilatory motive, or bad faith. The lawsuit is still young, and this would be the first amendment. Moreover, Plaintiff seeks to make the amendment to correct for the deficiencies Brookdale raises in its motion to dismiss.

Nor does the Court see undue prejudice. In its motion to dismiss, Brookdale notes the initial complaint's lack of clarity, which Plaintiff says the amendment would improve. Brookdale agrees to the amendments to an extent. It does not agree to the addition of new legal claims. However, it appears that the new claims still will be related to her general grievance about adverse employment conditions and decisions. Even if Plaintiff were to raise entirely new claims, the litigation is still at the very early stage. Because the Court sees no *undue* prejudice on the existing record, it rules now without awaiting Brookdale's response. *See* D.C. Colo. LCivR 7.1(d) (permitting the Court to rule without additional briefing if it would not materially assist in the Motion's adjudication). There would be no prejudice to All Team Staffing, because it has not appeared in the case yet.

It is premature to determine whether the amendment would be futile. It would be more efficient to make that determination on a renewed Rule 12(b)(6) motion to dismiss.

Lastly, the Court notes that Plaintiff does not attach her proposed amended complaint to her Motion in compliance with D.C. Colo. LCivR 15.1. However, the Court finds that non-compliance excusable under the circumstances. Plaintiff seeks to make the amendment in reaction to the motion to dismiss, which is of record, and she explains the nature of the amendments in her Motion.

## CONCLUSION

Regardless of whether Plaintiff meets the deadline to amend as a matter of course under Rule 15(a)(1), she meets the Rule 15(a)(2) standard for doing so. Given the early stage of the

litigation and the overall circumstances, allowing Plaintiff to amend her Complaint also presents the more efficient option for clarifying the lawsuit's scope.

Accordingly, the Revised Motion for Extension of Time to Response [filed April 15, 2021; ECF 36] is **granted**. Plaintiff shall file her First Amended Complaint on or before **April 30, 2021**. Because Plaintiff will be amending her Complaint, Brookdale's motion to dismiss [filed March 12, 2021; ECF 24] is **denied as moot**. The Court denies it for administrative purposes only, to terminate it as a pending motion. Brookdale may refile it at the later appropriate time.

Dated at Denver, Colorado, this 21st day of April, 2021.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge