**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
1:26 pm, Dec 07, 2021
**JEFFREY P. COLWELL, CLERK**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. ___1:20-cv-03788-PAB_____

Alison D. Jones

    Plaintiff(s),

vs.

Brookdale Senior Living Center/All Team Staffing

    Defendant(s).

_____

## MOTION TO CONTINUE CASE AGAINST ALL TEAM STAFFING AND LEAVE CASE OPEN IN FEDERAL DISTRICT COURT
_____

    Judge Hegarty issued a default judgment against All Team Staffing in the aforementioned case after the initial scheduling conference.  Ms. Jones is requesting leniency from the judge in regard to keeping the All-Team Staffing case in court so that she may collect a judgement.  Ms. Jones does not know whether a damage award can be collected from a default judgement if the judgement is closed due to inactivity.  Yes, it has been some time since the default judgement was entered, but Ms. Jones is a pro se litigant and requires more time to perform legal tasks than a formally trained and experienced attorney. She is also now back in the workforce, reducing the time she can devote to this case. She did bring the issue of the default judgement up with the Pro Se Clinic more than once but did not get a lawyer who could answer the question to her understanding until November 17th. Then she had to go home for the holidays to visit her ailing 87-year-old mother.  She did finally get a very good employment lawyer on that date who explained to her somewhat clearly how to file a motion to request a judgement award from the judge.  Ms. Jones must state a dollar amount and offer arguments to justify that amount.  She is working on that motion right now and should have it before the court in less than two weeks. Ms. Jones fully understands that judges cannot give legal advice to any party in a lawsuit, but respectfully requests that the Judge or Pro Se Clinic refer her to some online or other resource that explains how to collect against a default judgement. Could the court keep this judgement open for at least another three months so that Ms. Jones can begin the process of collecting against it?  Ms. Jones did contact

Brookdales' lawyers but received no response. She cannot anticipate that they would have any objection since a damage award against All Team does not affect their case.

_____
_____
_____

I confirm that I have conferred with the opposing counsel in good faith regarding this motion, as required under local rule D.C.COLO.LCivR 7.1(a) [1].

Dated at _____Denver_____(city), __CO___(state), this ___17th__day _____, 2021__.

Alison D Jones
*Pro Se Litigant*
1746 Emerson St. 209
Denver, CO 80218
Telephone: (720) 539-4174
E-mail: petitpas1@msn.com

---

[1] [**Note:** Local Civil Rule D.C.COLOLCivR 7.1(a) requires a party (including an unrepresented party) to confer or make reasonable good faith efforts to confer with any opposing counsel or unrepresented party about the subject of their motion before filing the motion, and to describe the specific efforts to fulfill this duty. The duty to confer is not required, in certain exceptions. See D.C.COLOLCivR 7.1(b)(1)-(4).]

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2021_____,

I sent a copy of the **NOTICE OF CHANGE OF ADDRESS OR TELEPHONE NUMBER**

to the following parties in the way described below each party's name:


Party Name:__Brookdale Employment Services LLC_____

How Served:_____email_____

Party Attorney's Name:___Stephen S Baumann, M. Gomez, C. Garcia, M. Mathews, P. Perez, A. Aguilar, _____

Address:__1900 Sixteenth St., Suite 800, Denver, CO 80202_____
_____

Telephone Number:___303-629-6200_____

Email Address:_mgomez@littler.com, cgarcia@littler.com, kelsen@littler.com, mmathews@littler.com, pperez@littler.com, sbaumann@littler.com, aaguilar@littler.com_____


_____*Alison D Jones*
_____

Print Name:____Alison D Jones
_____

Address:___1746 Emerson St. 209, Denver, CO 80218_____
_____

Telephone Number:___720-539-4174
_____

Email Address:_____petitpas1@msn.com_____
_____

3

4