IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-03788-PAB

ALISON D. JONES,

    Plaintiff,

v.

BROOKDALE EMPLOYMENT SERVICES, LLC, and
ALL TEAM STAFFING,

    Defendants.

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 70]. The Recommendation addresses Defendant Brookdale Employee Services, LLC's Renewed Motion to Compel Arbitration, to Stay Proceedings, and to Administratively Close Case Pending Arbitration [Docket No. 66] filed by defendant Brookdale Employment Services, LLC ("Brookdale"). The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

This case arises out of the allegedly discriminatory termination of plaintiff's employment. *See generally* Docket No. 52. The facts are set forth in the magistrate judge's recommendation, Docket No. 70 at 1-3, and the Court adopts them for the purposes of ruling on the objections. The magistrate judge recommends granting Brookdale's motion to compel arbitration and administratively closing this case. *Id.* at 8-9. The magistrate judge notes that, although Brookdale is not the only defendant, All Team Staffing ("All Team") has not entered an appearance, All Team has been in

default since July 2021, plaintiff has taken no action with respect to All Team since the entry of default, and the second amended complaint does not contain any claims for redress against All Team. *Id.* at 8.

Eight days after the filing of the recommendation, plaintiff filed a Motion to Continue Case Against All Team Staffing and Leave Case Open in Federal District Court. Docket No. 72. Because the motion was filed within fourteen days of the recommendation and addresses issues the magistrate judge made recommendations on, the Court construes it to be an objection to the magistrate judge's recommendation. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). Brookdale responded to the objection. Docket No. 73.

In her objection, plaintiff asks the Court not to administratively close the case so that she may "collect a judgement" against All Team. Docket No. 72 at 1. Plaintiff acknowledges that she has not taken any action with respect to All Team since the July 2021 entry of default, but argues that she needs more time because she is pro se and other obligations have taken up her time. *Id.* However, plaintiff states that she "is working on that motion right now and should have it before the court in less than two weeks" and asks the Court to "keep this judgement open for at least another three months so that Ms. Jones can begin the process of collecting against it[.]" *Id.* In its response, Brookdale "takes no position" on plaintiff's objection, other than to reiterate its position that the remaining claims should proceed in arbitration. Docket No. 73 at 2.

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if

2

it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.*

Plaintiff objects to the administrative closing of the case because she wishes to "collect a judgement" against All Team. Docket No. 72 at 1. In order to obtain a judgment by default, a party must follow the two-step process described in Federal Rule of Civil Procedure 55. First, it must seek an entry of default from the Clerk of the Court under Rule 55(a). Second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b). *See Williams v. Smithson*, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)). On July 14, 2021, the Clerk of Court entered default as to All Team. Docket No. 60. However, plaintiff has not filed a motion for default judgment since then. Plaintiff's objection asks the Court to "keep this judgement open for at least another three months so that Ms. Jones can begin the process of collecting against it[.]" Docket No. 72 at 1. Plaintiff's objection was filed December 7, 2021; three months have passed and plaintiff has not filed a motion for default judgment. Accordingly, this request is moot.

While plaintiff objects to administrative closure, plaintiff does not object to the magistrate judge's conclusion that the second amended complaint "contains no claims for legal redress against" All Team. *See* Docket No. 70 at 8. In the absence of an objection, the Court has reviewed the magistrate judge's recommendation on claim

3

three to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes; *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). Based on this review, the Court has concluded that this portion of the recommendation is a correct application of the facts and the law. Because there are no claims for redress against All Team and the claims against Brookdale must be arbitrated, the Court will overrule plaintiff's objection and administratively close this case pending arbitration.

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion to Continue Case Against All Team Staffing and Leave Case Open in Federal District Court [Docket No. 72], construed as an objection to the magistrate judge's recommendation, is **DENIED**. It is further

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 70] is **ACCEPTED**. It is further

**ORDERED** that Defendant Brookdale Employee Services, LLC's Renewed Motion to Compel Arbitration, to Stay Proceedings, and to Administratively Close Case Pending Arbitration [Docket No. 66] is **GRANTED**. It is further

**ORDERED** that all claims in plaintiff's second amended complaint shall be arbitrated. It is further

**ORDERED** that this case is administratively closed pursuant to D.C.COLO.LCivR 41.2. Either party may move to reopen for good cause. Completion of arbitration will

constitute good cause. It is further

**ORDERED** that the parties shall file a status report with the Court on or before October 11, 2022, or within 30 days of completion of arbitration, whichever is earlier.

DATED April 11, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge