IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-03788-PAB

ALISON D. JONES,

    Plaintiff,

v.

BROOKDALE EMPLOYMENT SERVICES, LLC, and
ALL TEAM STAFFING,

    Defendants.
_____

# ORDER
_____

The matter before the Court is plaintiff's Motion to Reinstate Case against All Team Staffing [Docket No. 82].

## I.     BACKGROUND

On October 1, 2021, plaintiff Alison D. Jones, *pro se*, filed a second amended employment discrimination complaint against defendants Brookdale Employment Services, LLC ("Brookdale") and All Team Staffing ("All Team"). Docket No. 64. On November 29, 2021, Magistrate Judge Michael E. Hegarty issued a recommendation to compel arbitration, pursuant to the arbitration clause in Ms. Jones' employment application with Brookdale, and to administratively close the case. Docket No. 70 at 7-9. The recommendation also found, in ruling on the issue of whether to recommend administrative closure, that Ms. Jones' second amended complaint contained "no claims for legal redress against" All Team. *Id*. at 8. Magistrate Judge Hegarty found that the "only mention of All Team Staffing [in the second amended complaint] is for the

background fact that it assigned Plaintiff to work at Brookdale's retirement home. Consequently, there is no need for this civil action to remain open with respect to All Team." *Id*. In her objection to the recommendation, Ms. Jones did not mention or object to the aspect of the recommendation concluding that the complaint contained no legal claims against All Team. *See generally* Docket No. 72; *see also* Docket No. 76 at 3. Rather, Ms. Jones asked not to administratively close the case against All Team so that she could file a motion for default judgment. Docket No. 72 at 1. However, on April 11, 2022, the Court accepted the recommendation and concluded that, "[b]ecause there are no claims for redress against All Team and the claims against Brookdale must be arbitrated, the Court will overrule plaintiff's objection and administratively close this case pending arbitration." Docket No. 76 at 4. The Court ordered that "all claims in plaintiff's second amended complaint shall be arbitrated." *Id*. The Court administratively closed the case pursuant to D.C.COLO.LCivR 41.2 and stated that either party may move to reopen the case for good cause. *Id*.

On September 16, 2022, Ms. Jones and Brookdale filed a stipulation to "dismiss this entire action by Plaintiff against Brookdale with prejudice" pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). Docket No. 78 at 1. This case was subsequently terminated on September 16, 2022, pursuant to the stipulation of dismissal. *See* Docket No. 79.

On September 21, 2022, Ms. Jones filed a motion for default judgment against All Team. Docket No. 80. The Court denied the motion for default judgment because the case was terminated on September 16, 2022, pursuant to the stipulation of dismissal. Docket No. 81. The Court noted that, "[i]f plaintiff believes that the Court

2

erred in terminating the case, she may file a motion to that effect." *Id*. To date, All Team has never entered an appearance in the case.

## II.   ANALYSIS

On December 22, 2022, Ms. Jones filed the present motion "request[ing] that this case be reopened in the Federal District Court so that she may seek default judgment" against All Team. Docket No. 82 at 1. Ms. Jones argues that, since All Team never entered an appearance in this case, "any order to compel them to arbitration should not apply." *Id*. Ms. Jones states that her claims against Brookdale never went to arbitration because she settled the claims with Brookdale. *Id*. Ms. Jones asserts that

> Brookdale Senior Living wrongfully terminated Ms. Jones employment after engaging in discriminatory behavior and then retaliating against her for complaining about it. All Team was aware of the situation and knew that Ms. Jones was not at fault but chose to follow in the footsteps of Brookdale and wrongfully terminate her employment as well and for the same reasons. Plaintiff is seeking damages under Title VII, ADEA, ADA and Wrongful Termination. Ms. Jones is only seeking a default judgement against All Team.

*Id*. Neither defendant replied to plaintiff's motion.

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), a plaintiff may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared. The dismissal is without prejudice unless the stipulated dismissal states otherwise. Fed. R. Civ. P. 41(a)(1)(B). The stipulated dismissal in this case states that Ms. Jones and Brookdale "stipulate to dismiss this entire action by Plaintiff against Brookdale with prejudice." Docket No. 78 at 1. "A voluntary dismissal with prejudice operates as a final adjudication on the merits," and is thus a "final judgment." *Schmier v. McDonald's LLC*, 569 F.3d 1240, 1242 (10th Cir. 2009) (internal citations omitted); *see also Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989) ("Once the stipulation is

3

filed, the action on the merits is at an end."). "[A]n unconditional dismissal [by stipulation of the parties] terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by [Rule] 60(b)." *Schmier*, 569 F.3d at 1242 (quoting *Phillips*, 881 F.2d at 904); *see also Garcia v. Waken*, No. 16-cv-01977-PAB-NYW, 2022 WL 970003, at *3 (D. Colo. Mar. 31, 2022). The Court construes Ms. Jones' motion to reopen the case as a motion under Fed. R. Civ. P. 60(b). As a result, the Court has jurisdiction to consider the motion.[1]

Fed. R. Civ. P. 60(b) states that a court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).[2] Rule 60(b) relief is "extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. John Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). Relief under Rule 60(b)(6) is appropriate when circumstances are so "unusual or compelling" that extraordinary relief is warranted or when it "offends

---

[1] To the extent Ms. Jones files the motion under any other rule, the Court would not have jurisdiction to rule on the motion. *See Schmier*, 569 F.3d at 1242.

[2] "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Ms. Jones' motion is timely because the parties filed the stipulated dismissal on September 16, 2022 and she filed the motion on December 22, 2022. *See* Docket Nos. 78, 82.

4

justice" to deny such relief. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996).

Ms. Jones' motion does not provide any argument as to why this Court should set aside the stipulated dismissal and reopen the case under Fed. R. Civ. P. 60(b). *See generally* Docket No. 82. The Court finds that her motion does not meet any of the criteria under the rule. Ms. Jones requests that the case be reopened so that she can file a motion for default judgment against All Team. *Id*. at 1. However, Magistrate Judge Hegarty previously found that Ms. Jones' second amended complaint contained "no claims for legal redress against" All Team. Docket No. 70 at 8. Ms. Jones did not object to this aspect of the recommendation. *See generally* Docket No. 72; *see also* Docket No. 76 at 3. To the extent that Ms. Jones argues the case should be reopened because her second amended complaint contains claims against All Team, the Court rejects this argument since Ms. Jones failed to properly raise it in her objection to the magistrate judge's recommendation. *See Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) ("[A] Rule 60(b) motion is not an appropriate vehicle to advance new arguments or supporting facts that were available but not raised at the time of the original argument.").

To the extent the motion could be construed as arguing that the stipulated dismissal applied only to the claims against Brookdale and not the claims against All Team, the Court rejects this argument. The language of the stipulated dismissal states that Ms. Jones and Brookdale "stipulate to dismiss this **entire action** by Plaintiff against Brookdale with prejudice." Docket No. 78 at 1 (emphasis added). The stipulated dismissal did not expressly provide that the dismissal did not apply to the claims against

5

All Team.  *See generally id*.[3]  Even if the stipulated dismissal did not apply to the claims against All Team and the Court thus erred in terminating the case on September 16, 2022, Ms. Jones has failed to show that extraordinary relief is warranted or that it "offends justice" to deny such relief.  *See Cashner*, 98 F.3d at 580.  The Court accepted the magistrate judge's recommendation that "there are no claims for redress against All Team" in the second amended complaint.  Docket No. 76 at 4.  If the Court re-opened the case, there would be no claims against All Team in the operative complaint that Ms. Jones could move for default judgment on.

Ms. Jones has failed to identify any "unusual or compelling" reason or "exceptional circumstance[]" for the Court to grant the relief that she requests.  *See Cashner*, 98 F.3d at 580; *Servants of the Paraclete*, 204 F.3d at 1009.  As a result, the Court will deny her motion.

### III.   CONCLUSION

It is therefore

**ORDERED** that plaintiff's Motion to Reinstate Case against All Team Staffing [Docket No. 82], construed as a motion under Fed. R. Civ. P. 60(b), is **DENIED**.

DATED May 25, 2023.

                                                BY THE COURT:

                                                _____
                                                PHILIP A. BRIMMER
                                                Chief United States District Judge

---

[3] Tenth Circuit precedent allows a plaintiff to dismiss fewer than all parties in a stipulated dismissal.  *See Kristina Consulting Grp., LLC v. Debt Pay Gateway, Inc.*, 2022 WL 881575, at *2 n.4 (10th Cir. Mar. 25, 2022) (unpublished) ("Although Rule 41(a)(1)(A) refers to dismissal of the 'action,' the rule permits the dismissal of fewer than all parties so long as all claims against a particular party are dismissed.").